1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED SPECIALTY INSURANCE
    COMPANY, INC,
11
                Plaintiff,
12
          v.
13
    JOSUE RAFAEL ROMERO PORTILLO,
14  LEGO TRANSPORT, LLC, and DOES
    1through 25, inclusive,
15
                Defendants.
16

No.  2:24-cv-00125 JAM AC

FINDINGS AND RECOMMENDATIONS

17       This matter is before the court on plaintiff's motion for default judgment.  ECF No. 10.

18  The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The motion was

19  taken under submission on the papers.  ECF No. 11.  For the reasons set forth below, the

20  undersigned recommends plaintiff's motion be GRANTED, and that judgment be entered in favor

21  of plaintiff.

22                          **I.       Relevant Background**

23       Plaintiff filed this complaint seeking declaratory relief on January 10, 2024, asserting

24  jurisdiction pursuant to 28 U.S.C. §1332.  ECF No. 1 at 2.  Plaintiff United Specialty Insurance

25  Company ("USIC") alleges that it is an insurance company which provides policies to individuals

26  and business entities.  Id.  In September 2020, defendant Josue Rafael Romero Portillo was doing

27  business as Lego Transport, an unincorporated company ("Portillo's Company").  Id.  Portillo's

28  Company provided interstate shipping services.  Id.  USIC entered a motor vehicle insurance

contract ("the policy") with Portillo's Company, and the policy was effective from September 30, 2020, to September 30, 2021.  Id.  The policy covered several different vehicles owned and/or used by Portillo's Company, including a 2009 Kenworth Semi-Truck, Vehicle Identification Number 1XKAD49X09J252908 ("the Kenworth").  Id.  The policy covered personal injury and property damage arising from the use of the covered vehicles and was subject to several exceptions and exclusions which were expressly identified in the contract.  One such exclusion ("the Employee Exclusion") provided that the policy did not provide insurance coverage for bodily injury to an employee of Portillo's Company arising out of and during: (1) the employee's employment with Portillo's Company, or (2) the employee's performance of duties related to the conduct of Portillo's Company's business.  Id.

The complaint alleges that on November 5, 2020, Juan Soriano was operating the Kenworth in Glacier County Montana.  ECF No. 1 at 3.  The Kenworth was provided by Portillo's Company, which was responsible for all regular inspections, maintenance, and repairs of the Kenworth.  Id.  Soriano was operating the Kenworth on behalf of and for the benefit of Portillo's Company as part of its normal business operations.  Id.  Soriano approached a stretch of road with high winds and asked Portillo's Company to allow him to either suspend or change his route.  Id.  Portillo's Company declined, and Soriano continued the route.  Id.  The high winds eventually caused the Kenworth to overturn and Soriano to sustain severe injuries.

Lego Transport, LLC was formed on February 23, 2021.  ECF No. 1 at 3.  Plaintiff asserts on information and belief that Lego Transport is the successor in interest to Portillo and Portillo's Company at all relevant areas.  Id.  On November 19, 2021, Soriano sued defendants for the personal injuries he sustained in the accident ("Soriano's Lawsuit").  Id.  Soriano's Lawsuit was filed in Sacramento County Superior Court, Case Number 34-2021-00311470.  Defendants tendered defense of Soriano's Lawsuit to USIC pursuant to the Policy and, as of the filing of the complaint, USIC was providing a defense subject to a reservation of all rights.  Id.  As of filing of the complaint, Soriano's Lawsuit was still on-going.  Id.

Summons for both defendants were returned executed on May 8, 2024.  ECF Nos. 4 and 5.  The Clerk of Court entered default as to both defendants on May 14, 2024.  ECF Nos. 8 and 9.

2

1   Plaintiff filed the pending motion for default judgment on July 5, 2024.  ECF No. 10.  The motion

2   was served on both defendants.  ECF No. 10-3 at 2.  Neither defendant responded to the motion,

3   and neither defendant has made any appearance in this case.

4                                          **II.      Motion**

5          Defendant moves for default judgment on all counts, seeking the following relief seeking

6   entry of the following declaratory judgment:

7              USIC does not owe PORTILLO defense or indemnification for any
               claims which were brought, or could have been brought, in the
8              lawsuit filed against him by Juan Soriano in Sacramento County
               Superior Court, Case Number 34-2021-00311470; and
9

10             USIC does not owe LEGO TRANSPORT defense or indemnification
               for any claims which were brought, or could have been brought, in
11             the lawsuit filed against it by Juan Soriano in Sacramento County
               Superior Court, Case Number 34-2021-00311470

12  ECF No. 10-2 at 1-2.  Plaintiff's proposed order also includes reference to payment of costs

13  incurred in this lawsuit, though the motion itself does not mention costs.  Id. at 2.

14                                        **III.      Analysis**

15     A. Legal Standard

16         Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

17  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

18  against the action. See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

19  automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

20  238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th

21  Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the

22  decision to grant or deny an application for default judgment lies within the district court's sound

23  discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

24  determination, the court may consider the following factors:

25             the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
               substantive claim; (3) the sufficiency of the complaint; (4) the sum
26             of money at stake in the action; (5) the possibility of a dispute
               concerning material facts; (6) whether the default was due to
27             excusable neglect; and (7) the strong policy underlying the Federal
               Rules of Civil Procedure favoring decisions on the merits.
28

                                               3

1    Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

2    disfavored.  Id. at 1472.

3          Once default is entered, well-pleaded factual allegations in the operative complaint are

4    taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v.

5    Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

6    Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v.

7    Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint

8    are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

9    and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co.

10   of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388

11   (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

12   defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law")

13   (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal.

14   2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's

15   default conclusively establishes that party's liability, although it does not establish the amount of

16   damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th

17   Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure

18   37 that the default conclusively established the liability of the defaulting party).

19      B.  The Eitel Factors

20          1.  Factor One: Possibility of Prejudice to Plaintiff

21          The first Eitel factor considers whether the plaintiff would suffer prejudice if default

22   judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a

23   default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer

24   prejudice if the court did not enter a default judgment because it would be without recourse for

25   recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

26          2.  Factors Two and Three: Merits of Claims and Sufficiency of Complaint

27          The merits of plaintiff's substantive claims and the sufficiency of the complaint are

28   considered here together because of the relatedness of the two inquiries.  The court must consider

1   whether the allegations in the complaint are sufficient to state a claim that supports the relief

2   sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits

3   of the claims and sufficiency of the complaint favor entry of default judgment.

4          Plaintiff brings a single cause of action for declaratory relief.  ECF No. 1.  The

5   Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations"

6   of parties to a "case of actual controversy."  28 U.S.C. § 2201; Spokane Indian Tribe v. United

7   States, 972 F.2d 1090, 1091 (9th Cir. 1992).  It is within the court's discretion to determine

8   whether to entertain an action for declaratory relief; the Declaratory Judgment Act "gave the

9   federal courts competence to make a declaration of rights; it did not impose a duty to do so."

10  Public Affairs Assoc. v. Rickover, 369 U.S. 111, 112 (1962); Gov't Employees Ins. Co. v. Dizol,

11  133 F.3d 1220, 1223 (9th Cir. 1998).  A declaratory relief claim operates "prospectively," not to

12  redress past wrongs.  Britz Fertilizers, Inc. v. Bayer Corp., 665 F.Supp.2d 1142, 1173 (E.D. Cal.

13  2009).

14         The Ninth Circuit held that "[d]eclaratory relief is appropriate (1) when the judgment will

15  serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will

16  terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

17  proceeding."  Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co., 873 F.2d 229, 231 (9th Cir.

18  1989).  To determine whether declaratory relief is appropriate, the court must determine whether

19  there is a "substantial controversy, between parties having adverse legal rights, or sufficient

20  immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Cas. Co. v.

21  Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  Here, there is an active controversy regarding

22  plaintiff's obligation to defend and indemnify defendants with respect to Soriano's Lawsuit, and

23  entry of declaratory relief is appropriate and necessary to resolve the uncertainty surrounding

24  plaintiff's obligations.  The undersigned therefore finds it appropriate to entertain the claim for

25  declaratory relief.

26         Following entry of default, the court takes the complaint's well-pleaded allegations

27  regarding liability as true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

28  Here, plaintiff alleged that the insurance policy between it and the defendants has an exclusion for

injuries sustained by an employee of the insured in the course and scope of their employment. Such exclusions are specifically permitted by the California Insurance Code §11580.1(c)(4). Under California law, an individual is considered an employee unless all of the following conditions are satisfied: (1) the person is free from the control and direction of the hiring entity; (2) the person performs work outside the usual course of the hiring entities business; and (3) the person is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.  Cal. Labor Code § 2775; Lawson v. Grubhub, Inc., 13 F.4th 908, 912 (9th Cir. 2021).  Plaintiff alleged in its complaint that Soriano was an employee of defendants' acting in the scope of his employment at the time of the crash.  It is long established in California that so long as the injured party is an employee of the insured seeking coverage, employee exclusion is applicable.  Pacific Indem. Co. v. Transport Indem. Co., 81 Cal. App. 3d 649 (1978).  The court finds that the merits of the case favor entry of default judgment.

        3.  Factor Four: The Sum of Money at Stake in the Action

      Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct.  Here, plaintiff seeks only declaratory relief.  The amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

        4.  Factor Five: Possibility of Dispute Concerning Material Facts

      The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims.  The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.");  accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.  This factor favors entry of default judgment.

////

5.   Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Plaintiff served the defendant with the summons and complaint.  ECF Nos. 4 and 5.  Moreover, plaintiff served defendant by mail with notice of its application for default judgment.  ECF No. 10-3.  Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend in this action.  Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

6.   Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

7.   Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant.  What remains is the determination of the terms of judgment.

C.  Terms of Judgment

Plaintiff seeks only declaratory relief.  ECF No. 10 at 7.  Though plaintiff includes in its proposed order a reference to payment of costs (ECF No. 10-2 at 2) there is no request for costs in the motion itself.  The court determines that declaratory relief is appropriate but declines to issue an order regarding costs as there is no proper request for costs before the court, and there is no briefing on the subject.

7

# IV.    Conclusion

It is RECOMMENDED THAT:

1.  Plaintiff's July 5, 2024 motion for default judgment (ECF No. 10) be granted;

2.  The court issue a finding that United Specialty Insurance Company, Inc. does not owe Josue Rafael Portillo defense or indemnification for any claims which were brought, or could have been brought, in the lawsuit filed against him by Juan Soriano in Sacramento County Superior Court, Case Number 34-2021-00311470;

3.  The court issue a finding that United Specialty Insurance Company does not owe Lego Transport LLC defense or indemnification for any claims which were brought, or could have been brought, in the lawsuit filed against him by Juan Soriano in Sacramento County Superior Court, Case Number 34-2021-00311470; and

4.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 2, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE